MANRIQUE, APPELLANT, *v.* REGISTRAR OF GUAYAMA,
RESPONDENT.

APPEAL from a Decision of the Registrar of Property Refusing to Record a Deed of Forced Sale.

No. 590.—Decided July 12, 1924.

RECORD OF TITLE—MORTGAGE—FORFCLOSURE—FORCED SALE— CURABLE DEFECT. — When the decree of foreclosure and the report of the sale are not copied into the deed of forced sale conveying the property foreclosed on, or certified copies of these proceedings are not exhibited with the deed, the registrar is justified in recording the deed with a curable defect.

ID.—ID.—ID.—ID.—ID.—If the demand for payment upon the mortgagor is not inserted in the deed of forced sale, or a certified copy thereof is not attached thereto, and the deed does not contain or is not accompanied by a copy of the decree of foreclosure from which it may be deduced that the law had been complied with in this respect, the registrar is justified in classifying the omission as an incurable defect.

ID.—ID.—ID.—The doctrine laid down in *Montes de Oca* v. *Baez,* 23 P. R. R. 656, does not reverse previous jurisprudence in connection with proceedings for the execution of judgments rendered in summary foreclosure proceedings.

ID.—ID.—ID.—NOTICE OF SALE—SALE—CURABLE DEFECT.—Publication for three consecutive days of the notices of sale of the property foreclosed on instead of once a week as prescribed by the Act of 1905 relative to judgments and the manner of satisfying them, is an error that does not void the contract: therefore, for the purposes of recording the title such irregularity is only a curable defect.

The facts are stated in the opinion.
*Mr. A. L. López* for the appellant.
The registrar appeared by brief.

Mr. Chief Justice Del Toro delivered the opinion of the court.

Deed of forced sale No. 24 executed February 6, 1924, was presented in the Registry of Property of Guayama for record and the registrar refused to record it for the follow ing reasons:

It did not appear that demand for payment was made on the mortgagor before the sale of the mortgaged property was ordered, and the notice of sale was published on successive days and not once a week for twenty days as required by law.

The registrar also assigned as curable defects failure to copy into the deed or exhibit with it certified copies of the order of foreclosure, the demand for payment, the notice of sale, the proof of its publication and the report of the sale by the marshal.

For a clearer understanding of the questions involved we will say that the deed shows that Luis Texidor, marshal of the District Court of Guayama, and Cipriano Manrique signed a notarial document stating that Manuel Delgado and his wife, Martina Torres, made a promissory note payable to Manrique for $1,277.75. The document is copied into the deed. That to secure their obligation the Delgado spouses mortgaged the urban property described. The deed recites that the mortgage is recorded, giving the necessary details. That the debt not having been paid at its maturity, Manrique instituted summary foreclosure proceedings in the District Court of Guayama, the court ordered that demand for payment be made on the mortgagor and the clerk issued the corresponding writ; that after the expiration of the time allowed to the mortgagor for making payment without his having done so the court ordered the sale of the mortgaged property at public auction; that in compliance with the said order notices of the sale were posted in the usual places and published in the newspaper called *El Tiempo* on the 15th, 16th and 17th of January, 1924,

and the property was sold at auction to Manrique, the only bidder, for the sum of $800 in part payment of the amount of the debt. The only information that the notary had for stating the said facts in the deed was that given to him by the parties.

Relying on all of the foregoing the marshal, as ministerial officer of the court and in the name of the mortgagor, sold the property to Manrique at auction for the said sum of $800, in part payment of the mortgage by which it was encumbered, and Manrique accepted the sale, it being stated that he took possession of the property without more than the execution of the deed.

Such is, in substance, the instrument to which the decision of the registrar refers.

We will begin by discussing the curable defects.

In the case of *Orcasitas* v. *Registrar,* 21 P.R.R. 523, 525, this Supreme Court, by Mr. Justice Wolf, expressed itself as follows:

"The registrar found as a second defect that the deed presented for record contained neither the order of execution nor the fact of the auction sale's being duly made (*ni el acta de subasta*). The registrar in his answer draws our attention to the absence of these two matters, and says that the demand for payment (*requerimiento*) was lacking. Appellant says that these matters sufficiently appear in the recitals of the notary, but this sale, it appears, was made to the appellant by virtue of the summary procedure of the Mortgage Law, and we agree with the registrar that the responsibility of passing upon the compliance with such summary procedure rests with that officer and not with the notary. It is not sufficient that the notary should recite the proceeding had in a district court, but such copies of those proceedings as may be necessary should be presented to the registrar so that he may have an opportunity of knowing whether the law has been complied with, or the same may be copied in the deed from the originals or from copies duly issued and certified. In no other way can a subsequent purchaser be protected. The original papers or copies thereof, as the registrar points out, were all the more necessary in this case inasmuch as the mortgage proceeding was brought against the debtor, José Jiménez Saurí, or

his succession, and the question whether the demand for payment was made upon the proper person was proper matter for investigation by the registrar. In judicial sales there is no presumption that everything was duly done by the marshal, but it is incumbent on the purchaser to show the registrar by authentic documents that the law has been followed.''

This decision is entirely applicable as regards the order of foreclosure and the report of the sale. If in its final order the court refers to and weighs the occurrences in connection with the publication of the notice and the demand for payment and the order shows that the law was complied with, it is unnecessary to exhibit with the deed or insert in it copies of the said documents; but as nothing of the sort appears, we think that the opinion of the registrar should be sustained.

Let us examine now the incurable defects assigned.

As regards the demand for payment nothing is said expressly in the deed, not even from the statements of the parties. It is said that the court ordered the demand to be made and the clerk issued the summons, but it is not shown that it was served or how or on whom. Perhaps it was a mere omission. No doubt the summons was served, for otherwise it is inconceivable that the proceedings could have been carried forward, but in order that the sale may be valid it must appear clearly that the demand for payment was made. It may be that the defect is one that may be cured easily, but it is of such importance that the registrar acted properly in considering it incurable, for otherwise he would have been obliged, although assigning the defect, to record a contract that might be absolutely void.

The only question for consideration now is that concerning the publication of the notice of sale. The registrar maintains that the law applicable is the new Code of Civil Procedure. The appellant alleges that the case is governed by article 172 of the Mortgage Law Regulations.

In 1906, in the case of *Giménez et al.* v. *Brenes,* 10 P.

R.R. 124, this court, by Mr. Justice Figueras, established the following jurisprudence:

"The special proceeding for the recovery of debts continues in force as to the first part thereof, namely, up to and including the provisions in regard to the demand for the payment of the debt, but it has been repealed as to that portion which might be known as compulsory proceedings, that is, that portion having reference to the sale of the encumbered property, which must come entirely under the act of March 9, 1905, relating to judgments and the manner of satisfying them."

See also the cases of *Lothrop* v. *Casalduc,* 12 P.R.R. 139; *Bolívar* v. *Registrar,* 13 P.R.R. 115, and *Porto Rico Leaf Tobacco Co.* v. *Aldrey,* 13 P.R.R. 228, cited by the appellant.

The case of *Montes de Oca* v. *Báez et al.* 23 P.R.R. 656, on which the appellant places such stress, presented a special state of facts for which the Act of 1905 made no provision, and for settling the controversy application was made of the provisions of the Mortgage Law and its Regulations, but this does not imply that the court reconsidered its former jurisprudence in connection with the procedure to be followed for the sale of mortgaged property.

The notice, therefore, should have been published once a week and not for three consecutive days, as was done in violation of section 6 of the Act relating to judgments and the manner of satisfying them of March 9, 1905, and section 251 of the Code of Civil Procedure, which expressly so provides, as well as the fixed jurisprudence of this court.

The question now is what is the effect of failure to comply strictly with the law.

Neither the appellant nor the registrar has cited any case directly applicable.

Recently, or on June 27, 1924, in the case of *Trueba* v. *Martínez, ante,* p. 446, this court by Mr. Justice Franco, said:

"The alleged violation of section 251 of the Code of Civil Procedure in the manner of giving notice of the sale is a mere irregu-

larity which does not affect a purchaser in good faith and can not be considered in a collateral action like this for the annulment of the judicial sale of the mortgaged property. *Henna et al. v. Saurí & Subirá,* 22 P.R.R. 776, and *Sola v. Castro et al.,* 32 P.R.R. 740.''

And in the case of *Cintrón et al. v. Banco Territorial y Agrícola,* 15 P.R.R. 495, this court, by Mr. Chief Justice Hernández, expressed itself as follows:

''A failure to publish the notices in due time and the publication thereof in consecutive issues of the newspaper instead of once a week, are irregularities which cannot be pleaded for the first time on appeal, but must have been previously alleged in the lower court, and established by means of evidence included in the statement of the case.''

This being an administrative appeal, we think that we need not insist on a fuller consideration of the question and its final decision. Until now the tendency of our decisions has been to consider failure to comply strictly with the statute as an error which does not render the contract void. This being the case, the record should not have been refused on that ground.

Therefore, the decision appealed from must be affirmed as to the first of its grounds and as to the curable defects assigned.

*Affirmed in part.*

Justices Aldrey, Hutchison and Franco Soto concurred.
Mr. Justice Wolf took no part in the decision of this case.